Thank you, Your Honors. I'd like to reserve two minutes. My name is Tim Bechtold on behalf of Jesus Pimentel. There are three issues on appeal here. Since we've allotted ten minutes, I assume that you have somewhat narrowed those. Is there any of the three that you'd particularly like to hear first? Then I will address what I think is probably the most important, and that is the wording of the verdict, the special verdict in this case prepared by the District Court. When the District Court asked the parties if they objected to his special verdict, neither party objected, neither the government nor the defendant. In this case, the wording of the special verdict specifically asked the jury to find beyond a reasonable doubt whether or not there is less than 50 and from 50 to 500 and above 500. Presumably, the District Court was looking to fit those categories into the statutory categories for the mandatory minimums and maximums. Counsel, the jury instructions are not in the record, in your ERs, are they? They are not. Why? The jury was making a verdict, and I assume that there was an instruction that went along with the verdict form. So we don't know what the jury was told its role and standard was, do we? I see in front of Judge Kaczynski that you have the full record, so it would be in there, and I can certainly, when I take a break, I can tell you where the jury instructions are, but I did not include them in the excerpt of the record. I only have the excerpts. They're not in the excerpts. No, they're not in the excerpts, sorry. I just noticed you had a big pile there. I assumed it was the whole thing. Was there a jury instruction that told them what this verdict that you're citing? I agree. I understand the issue, but it's kind of hard to tell, given the wording of the verdict, what they thought they were finding, whether they were finding the maximum amount under any standard or what they thought they were doing. There was a jury instruction on beyond a reasonable doubt. And it said, what about the one that we're talking about? As I recall, Your Honor, the jury instruction for beyond a reasonable doubt was simple, the Ninth Circuit pattern instruction. That's fine, whatever. Okay, but what was it that framed this verdict? This is their conclusion, looking for what they were told when they got to this part of the verdict form. What should they be looking for? I see your question. Isn't that the normal course? I see your question, Your Honor, and I can't answer it as I stand here now. You're not a trial lawyer? I was not. Okay, so just as a general proposition, I would think that when the jury instructions are given to the jury and they are given a special verdict form, there is an instruction that explains to them what they're supposed to do when they get to specific questions on the verdict form. Is that the normal practice? Sometimes, Your Honor. But not necessarily? But not necessarily, no. Let me try and figure out where you're going with this. I mean, I've got it here in front of me. We unanimously find beyond a reasonable doubt the amount of a substance containing a detectable amount to be less than 50 grams. Well, are you arguing then that they found beyond a reasonable doubt that that was the amount or that they were only willing to find beyond a reasonable doubt that it was up to that amount? I mean, obviously what you're headed for is that the district judge found that there was 10 pounds as he did the sentencing, and you're saying that this is inconsistent. Is this where we're going with this? Exactly. So it cannot both be by a higher standard less than 50 grams and by a lower standard more. But it's possible to read this, but it's tricky because of the double negatives involved and beyond a reasonable doubt and less than and so on. It's possible to find that what they're saying is we are willing to find beyond a reasonable doubt only that there was a proof somewhere up to 50 grams as to any amount further than that we are unable to find beyond a reasonable doubt, which then leaves it available to the sentencing judge who's not restricted to the beyond a reasonable doubt standard. So I don't see a necessary inconsistency if that's how I'm supposed to read the jury verdict. You may still win, but not for me, not because of the form of the jury verdict. The issue there is that by logic any of the lesser standards have to be included in the higher standard. And if those lesser standards are included, you cannot on one hand find by a clear and convincing evidence that it's less than 50 grams and by a clear and convincing evidence find that it's more than 50 grams. It can't be both. Logic precludes that. So mathematically if it's less than 50, it must be less than 50 by a higher standard. But I think under... I'm not sure you took my point, but putting to one side the logic then, can you tell me why there's insufficient evidence for the district judge to have found 10 pounds? I think the reason there is the prime source of evidence I think for sentencing for the judge was a witness named Jesus Elizondo. And Elizondo did not testify at trial. And the only thing that was attributed to him was through the PSR, through an interview with the case agent Jake Stavlow. So when Jake Stavlow testified at the sentencing, he said, well, Elizondo told me this, but Elizondo was available and was not used at the trial. And so he was never cross-examined, and we have no way of knowing whether any indicia of reliability can be attached to his testimony. So I think that is the prime issue about where that 10 pounds comes from. At trial, the government specifically asked the jury to find 10 pounds based upon that Heather Mallow said $200,000. She said it was going to make $200,000. And then they had Jake Stavlow testify that a pound was worth between 17 and 23 K. Ergo, if you extrapolate, $200,000 means 10 pounds. And that's what the jury specifically refused to do. Moreover, the jury specifically refused to find that Calvin Cleland's testimony about a pound and a half was credible because they found less than 50 grams. So the two sources of evidence that had any sort of amount were discredited, either not offered to the jury or discredited by the jury. Well, this in a way comes back to Judge Fisher's question about what was the jury asked to do. Was the jury given a ladder of amounts and it found only with respect to less than 50 grams? Or was it just asked was there less than 50 grams? I don't know the answer to that. I don't either, Your Honor, but I will look and find out when I have an opportunity on rebuttal. And so I'll just reserve that time now and go find out. Well, let me ask the same question with respect to the summations. What was argued to the jury about this amount? At summation. Is that in the excerpts? The closing arguments are not. So do you know the answer to my question? Yes. The government asked to find 10 pounds and the defense asked them to find 10.7 grams. And did they explain why? Yes, they explained why. The defense argued for 10.7 because that was the actual amount recovered from a raid in a probation search. And the government asked for 10 pounds because that was the amount you could extrapolate from the dollar amounts estimated by Heather Mallow and by Jake Stablo. But if that's so, and I'm going to infer that the jury instruction did give them a ladder, this amount, this amount, this amount, this amount, I would be tempted to read the jury verdict as saying that the government has not proved beyond a reasonable doubt any amount in excess of 50 grams. We, the jury, are required to do this beyond a reasonable doubt. But that then leaves room, not very much, but it then leaves room for someone else's fact-finding at a different standard of proof, something less than beyond a reasonable doubt, to find that there was a larger amount. Do you follow that? I follow your logic, but I will have to get the exact jury instruction to find out if that's true. Thank you. Okay. We'll hear from the government. Good morning. Zeno Balkas on behalf of the United States. It may please the court. Judge Fletcher's reason is correct as to the jury verdict form. It was not a ladder as to how much drug amount and quantity. You say it was not a ladder? It was not a ladder. It was less than 50 grams. It was between 50 and 500, and it was 500 or more for purposes of the jury. I hear you agreeing with Judge Fletcher, although I thought he said the exact opposite of what you're agreeing with. I thought there was a ladder. There's ladders in terms of less than 50, 50 to 500, and over 500. That's what I was hypothesizing. I'm sorry, Your Honor. I misunderstood you. The United States did not ask that the jury. I don't know what a ladder is, so maybe it's just. I understood multiple steps. My apologies, Your Honor. The United States did not ask the jury. I still don't understand what that means. The United States asked the jury. I still don't understand what that means, multiple steps. I see the jury verdict form. What does multiple steps mean? There were three categories that the jury could find beyond a reasonable doubt as the drug amount attributable to the defendant, Pimentel Lopez. And you base this on what? On the jury verdict form. So you're not telling me anything more that I can't see. You're just characterizing the piece of paper that I've got in front of me. You're just saying it's a ladder. That's correct, Your Honor. But that doesn't help me. I mean, I can say it's a fish. You know, you can call it anything you want to. I thought what the question we were trying to figure out is, what is it about the instructions that helps us characterize what this thing is? If you just read it, what it says is, we find beyond a reasonable doubt that the amount in question is less than 50. If you just read that in plain English, it says, you know, by this very high standard of proof, we find that the amount is less than 50. And if you take that literally, then I can't see how somebody else using a lesser standard can find more than 50. I would argue, Your Honor, that we're talking about the guilt phase for purposes of the jury verdict beyond a reasonable doubt. When moved to sentencing, the district court used a different standard. I understand, but I don't think you listened or heard what I said. I know what happened here. But if the jury says, look, it's X beyond reasonable doubt, not it's X or that X is the case, how can somebody by a lesser standard come by later and say, well, I apply a lesser standard and we find that X is not the case? When you've already found X by the strongest possible standard available for fact-finding. How can you do that? Because, Your Honor, pursuant to Apprendi, the jury was asked to find the statutory maximum and statutory minimum. No, what it was asked to do is to determine a specific amount here. And what it found is beyond a reasonable doubt it's an amount less than 50 grams. It didn't say, it didn't find anything about the other things. So how can we get beyond that? If the jury says we find beyond a reasonable doubt that the amount in question was less than 50 grams. And, Your Honor, I would submit that, again, we're talking about the guilt phase. Your argument is what you're trying to answer is that under Apprendi, once all Apprendi does, it says the jury must find something that sets the maximum penalty, right? That's correct, Your Honor. Therefore, when you get to sentencing, the judge can come in and go above what they found for that purposes. And as long as he didn't sentence above that jury-established maximum, then he can go up, which is contrary to the logic that counsel and Judge Kaczynski are putting forth. So is that what you're saying? Your position is under Apprendi, jury gets the role of setting beyond a reasonable doubt what the drug quantity is, and then the sentencing judge can come along and say, well, I've got a preponderant standard, so I'm going to say I'll find that he went up to 10 pounds based on the evidence, and therefore I can sentence anywhere within the statutory maximum under a lesser standard of proof. That's correct, Your Honor, and in respect to the logic. Why isn't the government collateralized from that? It has a finding against it by high standard that the amount is less than 50 pounds. Why doesn't collateral establishment apply? Your Honor, in the United States v. Oliver, Apprendi did not change the sentencing authority of a district court so long as it's sentenced within the statutory range established by the jury. I understand counsel's argument. I understand your argument as to a stopped once the jury reaches its drug amount, but that is strictly the guilt phase. That establishes the floor and the ceiling for purposes of sentencing that the district court can then evaluate in terms of by preponderance or in this case by clear and convincing evidence. What other facts can the court at sentencing determine? Can the district court say, you know, the jury found that there was no conspiracy, but now they did it by, you know, they couldn't find proof beyond a reasonable doubt. I look at the same evidence and I see there was a conspiracy. Can the judge do that? Well, Your Honor, as you know, the court can consider uncharged conduct. It can consider acquitted conduct. It can consider under 18 U.S.C. 3661 a whole range of conduct for purposes of sentencing the defendant. I agree. Obviously, the jury guilty verdict has some weight. It establishes the crime of conviction, in this case the floor and ceiling. Did you hear my question? Is it a yes or a no? I mean, you sort of talked your way around it, but can the jury say a court-signed conspiracy says we find absence of a conspiracy? I mean, usually what they find is not enough evidence, you know, insufficient evidence to find guilty. In this case, they affirmatively said we find by beyond a reasonable doubt, affirmatively the amount was less than 50. That's correct. If you were to rewrite your jury instruction, I think you might say instead of less than, you might say at least. But you didn't think of it. Well, less than 50 is an important lesson for future cases, you know. It is, Your Honor. The reason it was drafted the way it was, Your Honor, is pursuant to 21 U.S.C. 841 in establishing the drug amount and drug type for establishing the floor and ceiling. Well, but if it had been phrased the way Judge Fletcher suggested, it would have done that same job and would have avoided this ambiguity, right? Correct, Your Honor. Or maybe not ambiguity. Maybe it's a certainty. Your problem is considering the sentence all by itself. There is no ambiguity. And I agree. I believe, Your Honor, the district court had a plethora of evidence in establishing that sentence. As counsel noted, much of the sentencing testimony was through hearsay of Jesus Elizondo. Can I ask you about a different question before you sit down, and that is the two-level enhancement for leader, manager, organizer. It strikes me the evidence for that is fairly weak. Can you help me out on that and say what evidence there is to support that two-level enhancement? Of course, Your Honor. As the court knows under 3B11C, there are a number of factors, non-exhaustive factors the court can consider. In this case, as to the evidence, Jesus Pimentel Lopez was the source of supply for methamphetamine in this conspiracy. Jesus Elizondo testified to that, again, through hearsay. Heather Mallow testified to that. But as to directing individuals into conspiracy, Mr. Cleveland testified, subject to cross-examination, that Jesus Pimentel Lopez gave him 1.5 pounds of methamphetamine. Is he the same man who testified that he used a pound a month? He is, Your Honor, yes. Of course, that's nonsense. I would disagree that that's possible. That's correct. You would agree that that's nonsense? I would agree, Your Honor, yes. He says one nonsensical thing, but you want me to believe the other thing he says. Your Honor, he testified he received 1.5 pounds. He also testified that Jesus Pimentel Lopez directed him where to deposit funds from the redistribution of that 1.5 pounds into Jesus Pimentel Lopez's accounts. You also have this trip to Idaho in the end of October 2012, which clearly the purpose was to collect Pimentel Lopez and methamphetamine. I think the fair inference is that Pimentel Lopez directed others to come to Idaho to pick him up and bring the methamphetamine back to Butte for redistribution. You have the testimony again subject to cross-examination of Elizabeth Gardner. She testified that Pimentel Lopez stayed at her house in Butte, Montana, on at least two occasions, including the end of October 2012, and she was compensated by a gram of methamphetamine to, quote, stay quiet. I think there's a lot of factors here that counsel towards the application of the two-point enhancement. I see enough evidence here clearly to support the conviction. I'm having trouble seeing that he is a leader or an organizer. I mean, he clearly is doing these things. The jury is still found, and that seems fine with me. It's the organizer part. And I would rest on the evidence I just submitted, Your Honor. Counsel, could I ask you, I know you're a bit over time, but under Culp's and other authority, when there is, coming back to the sentencing and the substantial increase over what the jury amount would have justified, I think the evidence is rather weak on the ten pounds. Under Culp's and his progeny, the district court is supposed to err on the side of caution. He went right to the top. There's no caution involved. He just jumped up, and a lot of the evidence that the court relied on was tied to Elizondo, I guess, and a lot of it was hearsay. So why isn't that a violation of that requirement in the sentencing calculus? Under the case Your Honor cited in Kilby, exercising caution is one of the factors, but I don't think it should be read in a vacuum. The district court clearly gave some weight to the hearsay testimony that came in at sentencing, but I would argue it was corroborated by a lot of trial testimony, again subject to cross-examination during trial. You have the testimony of Heather Mallow, whereas Jesus Elizondo told Heather Mallow that Pimentel Lopez and Elizondo expected to make $200,000 in profit based on the sale of the ten pounds. The math is in the record as to the price of a pound of methamphetamine during this time period, and comes out to about between eight and eleven pounds of methamphetamine. But even if there was an error in this calculation, it was going up to ten pounds, and I submit there was not, say the district court cut it down to five pounds, that still puts us in the same guideline range for purposes of 2D11 in terms of sentencing the defendant. Thank you. Thank you, Your Honors. Thank you, Your Honor. Regarding the last point, I think that the issue with the two-level enhancement and the reasonableness falls upon that there isn't a sufficient indicia of reliability upon the evidence that the district court based its jacking from the low amount up to the high amount. Regarding the jury instructions, Your Honor, there was the pattern instruction for reasonable doubt, and then actually it kind of jumps to there's actually a jury instruction that deals with the amount, says only. Which instruction is that? This would be instruction number 33. Thirty-three, did you say? Three-three? Three-three. So if you find the defendant guilty of the charge and count to the indictment, then you are to determine whether the government proved beyond a reasonable doubt that the amount. I'm sorry. I'm old and hard of hearing. Slow down and articulate, and don't worry about your time. Thank you. I apologize. So if you find the defendant guilty of the charge and count to the indictment, which is the possession charge, then you are to determine whether the government proved beyond a reasonable doubt that the amounts of methamphetamine involved equaled or exceeded 500 grams of a substance containing a detectable amount of methamphetamine. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous. That's the only instruction that dealt with any type of amount. And obviously the jury found that it did not detect 500 grams. Okay. Any other questions? Thank you. Very good. Thank you, Your Honors. HSIU stands submitted.
judges: Kozinski, Fletcher, Fisher